**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANTANO PIO FERNANDES,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-75194

Agency No. A098-159-137

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Santano Pio Fernandes, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying Fernandes' applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination because Fernandes testified inconsistently regarding the alleged confrontation between Hindu fundamentalists and Catholic protesters on June 10, 2000. Fernandes failed to provide a reasonable explanation for this inconsistency, and the inconsistency goes to the heart of his claim of persecution. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).[1] In the absence of credible testimony, Fernandes failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Fernandes' CAT claim is based on the same evidence that the BIA found not credible, and he points to no further evidence to show it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id*. at 1157.

**PETITION FOR REVIEW DENIED.**

---

[1]Because we affirm the BIA's adverse credibility ruling on the above ground, we do not address Fernandes' argument that the IJ erred in according full weight to the asylum officer's testimony.