**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

NOV 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTANO PIO FERNANDES, | No. 10-73740 |
| Petitioner, | |
| | Agency No. A098-159-137 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Santano Pio Fernandes, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

983, 986 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

In light of our prior decision, *Fernandes v. Holder*, No. 06-75194, 2010 WL 178325 (9th Cir. Jan. 19, 2010), we reject any challenge Fernandes makes to the agency's underlying adverse credibility determination or the denial of asylum, withholding of removal, and relief under the Convention Against Torture.

The BIA did not abuse its discretion in denying Fernandes's untimely motion to reopen because he did not establish changed circumstances in India to qualify for the regulatory exception to the time limit. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988-89 (new evidence not "qualitatively different" because it described conditions similar to those in evidence at prior proceedings); *cf. Malty v. Ashcroft*, 381 F.3d 942, 945-46 (9th Cir. 2004) (prior evidence "described only incidents of harassment and discrimination," but new evidence showed "the harassment had increased to the level of persecution"). Further, we lack jurisdiction to review Fernandes's contentions regarding his social group claim because he did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We reject Fernandes's contention that the BIA denied him due process by rejecting his motion to reopen because the BIA did not err in denying the motion.

*See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).  Further, contrary to Fernandes's contention, the BIA considered his evidence.  Finally, given the foregoing conclusions, we do not reach Fernandes's remaining contentions, and we deny his second motion for a stay of removal as moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

10-73740